**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 15 B 16548 |
| NANCY L. CHAPA ) | HON. DONALD R. CASSLING |
| ) | CHAPTER 7 |
| ) | |

**NOTICE OF MOTION**

To :   Nancy L Chapa, 6655 S. Cass Ave., Apt. 2B, Westmont, IL 60559

Jason Blust, Law Office of Jason Blust, LLC, 211 W. Wacker Drive, Ste. 200, Chicago, IL 60606

Chapter 7 Trustee Frank J Kokoszka, Kokoszka & Janczur, P.C., 122 South Michigan Ave., Suite 1070, Chicago, IL 60603-6270

Dana A. Alden, Esq., 1010 Jorie Boulevard, Suite 358, Oak Brook, IL 60523

Please take notice that on April 15, 2015 at 10:30 a.m. I shall appear before the Honorable Donald R. Cassling at the Kane County Courthouse, 100 South Third Street, Room 240, Geneva, IL 60134 and present the attached Motion To Compel Trustee To File No-Asset Report, at which time you may appear if you so choose.

**PROOF OF SERVICE**

The undersigned, an attorney, certifies that he mailed a copy of this notice to the above named addressed via overnight delivery from the United States Post Office located at 211 South Clark Street in Chicago, Illinois 60604 on April 11, 2016. A copy of the notice and motion was also served via ECF transmission to the above parties (except the Debtor) on April 11, 2016.

/s/ James J. Burns Jr.
Attorney for Debtors

James J. Burns Jr.
The Burns Law Firm P.C.
53 W. Jackson, Ste 724
Chicago, IL 60604
(312) 880-0195

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 15 B 16548 |
| NANCY L. CHAPA | ) | HON. DONALD R. CASSLING |
| | ) | CHAPTER 7 |
| | ) | |

**MOTION TO COMPEL TRUSTEE TO FILE NO-ASSET REPORT**

NOW COMES the Creditor, Daniel Chapa III, by and through his counsel, James J. Burns Jr. of The Burns Law Firm P.C., and in support of his Motion to Compel the Trustee to File a No-Asset Report, states as follows:

**Argument**

1. On May 8, 2015, the Debtor filed a petition for relief pursuant to Chapter 7 Title 11 U.S.C.

2. Frank Kokoszka was appointed interim Chapter 7 Trustee, and he held the Debtor's Section 341 Meeting on June 23, 2015, and continued the Meeting from time to time through at least September 29, 2015. The Docket does not reflect that the Section 341 Meeting was ever technically concluded.

3. On October 1, 2015, the Trustee filed an Initial Report of Assets, based in part on the Trustee's initial position that there existed equity in the Debtor's interest in her former marital residence. The Trustee's initial position was incorrect. As this Court knows, a protracted battle over potential equity in the former marital residence was ultimately resolved when Movant Daniel Chapa accepted the highest offer and executed the sale of the former marital residence, a short sale that produced no revenue whatsoever for the estate.

4. After the short sale produced no revenue, the Trustee, through special counsel,

sought to conduct a Rule 2004 discovery examination of Fifth Street Finance Corp. (Docket # 93), in which the Debtor has no legal or equitable interest. Movant Daniel Chapa objected to the Rule 2004 examination (Docket #113, Daniel Chapa III's Objection To Rule 2004 Exam). Despite his objections, Movant Daniel Chapa voluntarily produced the following documents to the Trustee, while preserving all of his objections:

    a.    Dan Chapa Common Interest Agreement for 377,000 options;

    b.    Dan Chapa Common Interest Agreement for 22,000 options;

    c.    Dan Chapa Option Cancellation Agreement for the 399,000 options;

    d.    Dan Chapa Class B Unit Award Agreement dated June 12, 2013;

    e.    Dan Chapa Amended and Restated HFG Holdings, LLC Agreement dated June 13, 2013; and

    f.    Evidence of Dan Chapa wire to Fifth Street Finance Corporation for purchase of 5,000 units on June 12, 2013 in the amount of $127,562.94.

5. Thereafter, on January 15, 2016, the Rule 2004 discovery examination was withdrawn by the Trustee. (Docket # 133).

6. There are no further written or oral discovery requests by either the Trustee or special counsel on the Movant or on any third parties.

7. On or about January 13, 2016, Daniel Chapa, through counsel, sent a certified letter to the Trustee and to special counsel memorializing his concerns about the direction of discovery in the case. In the letter, Movant provided documentation showing that he fully complied with the Divorce Judgment; that the Debtor had received all monies owed to her pursuant to the Divorce Judgment; and that any other monies received by the Movant are not part of the bankruptcy estate. Attached hereto as "Ex. A" is a true and accurate copy of the

January 13, 2016 letter authored by Attorney James Wideikis and supporting attachments, all of which is fully incorporated herein. The certified letter was received by the Trustee on January 19, 2016. See "Ex. B", executed green card from Trustee.

8. The Trustee and special counsel have now had "Ex. A" and all its supporting attachments for approximately 90 days. They are well aware of the Movant's position. Nonetheless, there has been no written response; no telephone call; no further discovery requests; no further deposition notices; no further motion practice; and no further action whatsoever.[1]

9. As articulated in "Ex. A," pursuant to the Judgment of Dissolution of Marriage, Movant and Debtor were required to split 399,000 membership options that were issued to Daniel Chapa from his employer, HFG, equally.

10. Specifically, Section 7, Paragraph I of the Judgment states:

*Each party shall be awarded 50% of the 399,000 HFG Option Membership Units acquired during the marriage. To effectuate the division of the HFG Option Membership Units, the parties shall act as follows:*

*1. [Daniel] shall regularly inform [Nancy] as to the status of the ability to exercise membership unit options as options vest and as they become available or sale;*
*2. [Daniel] shall assign options to [Nancy] to the extent permitted and he shall do so immediately when so permitted;*
*3. To the extent that [Daniel] is unable to assign options to [Nancy], he shall comply with any directive received from [Nancy] to sell any or all of her share of options when available for sale[;]*
*4. All costs associated with the exercise of the options shall be the responsibility of the party exercising same[;]*
*5. As long as said options remain held solely in [Daniel's] name, the income tax consequences, if any, shall be paid by the parties at [Daniel's] then existing income tax rate.*

(See Docket # 113, Daniel Chapa III's Objection To Rule 2004 Exam)

11. As further articulated in "Ex. A", Fifth Street acquired HFG through a membership

purchase agreement in May of 2013. As part of the acquisition, Movant was required to sign an option cancellation agreement. Fifth Street did not agree to assume Movant's stock options from HFG. Thus, all of Movant's options, both unvested and vested, were cancelled in June of 2013 and converted into an aggregate cash payment in the amount of $199,025.00 (hereinafter the "the aggregate option payment"). Movant was paid the aggregate option payment from HFG and communicated this to Nancy on June 17, 2013.

12. Debtor's share of the proceeds, after taxes were withheld, was $62,722.60. It is undisputed that these assets were paid to the Debtor.

13. Movant complied with all of the terms and conditions of the Divorce Judgment.

14. There exists no property of the bankruptcy estate in any of Daniel Chapa III's other holdings. The 5,000 HFG Holding Class A units and the 27,500 unvested Class B units received by Movant and referenced in "Ex. A" are not encompassed by the Divorce Judgment or in any way tied, connected or related to the 399,000 options units referenced in the Divorce Judgment.

15. This case is now in its eleventh (11th) month, and upon information and belief, no other assets have been collected or administered by the Trustee.

16. The primary duty of a Chapter 7 Trustee is to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(1). In addition to this primary duty, the trustee shall:

> (2) be accountable for all property received;
> (3) ensure that the debtor shall perform his intention as specified in section 521(2)(B) of [Title 11];
> (4) investigate the financial affairs of the debtor;
> (5) if a purpose would be served, examine proofs of claims and object to the

---

1       Attached hereto as "Exhibit C" is an affidavit of Daniel Chapa attesting to the factual accuracy of Attorney Wideikis' January 13, 2016 certified letter to Trustee Frank Kokoszka.

allowance of any claim that is improper;
(6) if advisable, oppose the discharge of the debtor;
(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;
(8) [inapplicable in this case]; and
(9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee.
11 U.S.C. § 704(2)-(9).

17. Pursuant to Section 704 (9), Movant Daniel Chapa requests an Order compelling the interim Chapter 7 Trustee to file his final report and final account of this estate, with a finding of no-assets, with the Court in the next thirty (30) days.

WHEREFORE, the Movant Daniel Chapa prays this Honorable Court for the following relief:

A. That this Honorable Court enter an Order compelling the Chapter 7 Trustee, Frank J Kokoszka , to file a Final Report and a finding of no-assets so that this case can be closed;  and

B. For such other and further relief this court deems just and proper.

Respectfully Submitted,

/s/ James J. Burns Jr.
James J. Burns Jr.
Attorney for Daniel Chapa III

James J. Burns Jr.
The Burns Law Firm P.C.
53 W. Jackson, Ste 724
Chicago, Illinois  60604
(312) 880-0195